IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PEGGY S. LONG					PLAINTIFF

v.			CIVIL NO. 5:17-CV-5095

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration					DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Peggy S. Long, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on December 9, 2013, alleging an inability to work since October 21, 2013, due to recent back surgeries, pain in upper back, neck problems, anxiety, acid reflux, blood pressure, and problems sleeping. (Tr. 66, 78). For DIB purposes, Plaintiff maintained insured status through December 31, 2018. (Tr. 33, 78). An administrative video hearing was held on February 10, 2015, at which Plaintiff and

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

counsel appeared and Plaintiff testified. (Tr. 47-59). Montie U. Lumpkin, a vocational expert, also testified. (Tr. 60-64).

By written decision dated September 19, 2015, the ALJ found that during the relevant time period, Plaintiff had severe impairments of lumbar and cervical disorders of the back (status post/two lumbar surgeries); chronic pain; and hand numbness. (Tr. 33). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 35). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a), except that Plaintiff was limited to occasional climbing of ramps, stairs, ladders, ropes, and scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; and frequent bilateral handling and fingering. (Tr. 35-39). With the help of a vocational expert (VE), the ALJ determined that Plaintiff was capable of performing her past relevant work as a data administrator/school secretary as actually and generally performed; thus, Plaintiff had not been under a disability, as defined in the Social Security Act, from October 21, 2013, through September 19, 2015, the date of the ALJ's opinion. (Tr. 40).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 29, 2017. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable

mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 27th day of August, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE